Brian D. Chenoweth, OSB No. 944991
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fifth Floor
Portland, OR 97204-2138
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182
E-mail: bdc@northwestlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| GARY ROGOWSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>SAFECO INSURANCE COMPANY,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Gary Rogowski ("Plaintiff") alleges as follows:

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

1.

Plaintiff is a citizen of Oregon within the meaning of 28 U.S.C. § 1332(a)(1).

2.

Defendant Safeco Insurance Company ("Safeco") is a citizen of New Hampshire within the meaning of 28 U.S.C. § 1332(c)(1).

3.

Pursuant to 28 U.S.C. § 1332(a)(1), this court has original jurisdiction based on diversity

Page 1 - **COMPLAINT**

of citizenship because the parties are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs.

4.

Personal jurisdiction is appropriate because Defendant has engaged in the necessary minimum contacts by purposefully conducting regular and sustained business activities in Oregon, including Multnomah County.

5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims herein asserted occurred within the jurisdiction of this district.

6.

At all relevant times, Plaintiff's property located at 1323-25-27 SE Nehalem Street, Portland, Oregon 97202 was insured by Safeco under policy number OP5823737 (the "Policy"), which provides defense coverage for liability claims. A true copy of the Policy is attached as Exhibit 1.

7.

On May 31, 2017, Greg Hawley filed a lawsuit against Plaintiff in Multnomah County Circuit Court (the "Lawsuit"). A true copy of the Lawsuit is attached as Exhibit 2. The Lawsuit is ongoing.

8.

On or about June 24, 2017, Plaintiff's counsel tendered the Lawsuit to Safeco for defense.

9.

On or about July 13, 2017, Safeco denied defense coverage for the Lawsuit.

10.

As a result of the Lawsuit, Plaintiff has incurred reasonable and necessary costs to defend the Lawsuit and, at the time of this complaint, has incurred defense costs of approximately

$9000. Plaintiff's defense costs and attorney fees are ongoing and will be well over $100,000 by the time of trial.

11.

Plaintiff has performed all conditions required under the Policy or such conditions have been waived, excused, or otherwise discharged.

12.

Although Plaintiff demanded Safeco defend him against the Lawsuit, Safeco has failed to do so. Safeco materially breached the Policy by failing to defend the Lawsuit and by refusing to pay Plaintiff's defense costs.

13.

As a result of Safeco's breach, Plaintiff has been damaged in an amount to be proven at trial, plus prejudgment interest pursuant to ORS 82.010(1).

14.

Settlement has not and will not be made within six months of proof of loss. Pursuant to ORS 742.061, Plaintiff is entitled to an award of reasonable attorney fees related to this action.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment)

15.

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 14, and further alleges:

16.

There has arisen and now exists an actual and substantial controversy between Plaintiff and Safeco relating to Safeco's duty to defend the Lawsuit and its liability for future defense costs under the Policy.

17.

Plaintiff is damaged by this controversy in that he has been and will be required to pay defense costs that are covered under the Policy. Plaintiff's damages will continue until the

Page 3 - **COMPLAINT**

controversy is resolved.

18.

Plaintiff is entitled to declaratory judgment against Safeco declaring:

a. Safeco breached its duty to defend the Lawsuit;

b. Safeco must reimburse Plaintiff for all reasonable defense costs incurred by Plaintiff;

c. Safeco has forfeited any right it may have had to select counsel or control the defense; and

d. Safeco must pay Plaintiff's reasonable attorney fees related to this action pursuant to ORS 742.061.

**WHEREFORE,** Plaintiff requests the following relief:

## ON PLAINTIFF'S FIRST CLAIM FOR RELIEF:

(a) judgment for Plaintiff and a money award against Safeco in an amount to be determined at trial plus prejudgment interest;

(b) an award of costs and attorney fees; and

(c) any and all other relief the Court deems just and equitable.

## ON PLAINTIFF'S SECOND CLAIM FOR RELIEF:

(a) declaratory judgment for Plaintiff and against Safeco declaring:

(i) Safeco breached its duty to defend the Lawsuit;

(ii) Safeco must reimburse Plaintiff for all reasonable defense costs incurred by Plaintiff;

(iii) Safeco has forfeited any right it may have had to insist on its choice of defense counsel or to control the defense; and

(iv) Safeco must pay Plaintiff's reasonable attorney fees related to this action pursuant to ORS 742.061.

/ / /

/ / /

(b)     an award of costs and attorney fees; and

(c)     any and all other relief the Court deems just and equitable.

Dated:  September 20, 2017

                                                  CHENOWETH LAW GROUP, PC

                                                  */s/ Brian D. Chenoweth*
                                                  Brian D. Chenoweth, OSB No. 944991
                                                  510 SW Fifth Ave., Fifth Floor
                                                  Portland, OR  97204
                                                  Phone: (503) 221-7958
                                                  Fax:  (503) 221-2182
                                                  Email: bdc@northwestlaw.com
                                                  *Attorneys for Plaintiff*